IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ANTHONY CLARK, #26409-077, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-3567-M (BK) |
| § | | |
| TAMYRA JARVIS, Warden, USP Coleman, § | | |
| Respondent.[1] § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions and recommendation. Petitioner, a federal prisoner confined within the federal Bureau of Prisons, filed a habeas corpus petition under 28 U.S.C. § 2254, challenging a 1984 state court conviction. The Court did not order a response. For the reasons that follow, it is recommended that the petition be dismissed, *sua sponte*, for want of jurisdiction.

**I. BACKGROUND**

In 1984, Petitioner pled guilty in state court to possession of a controlled substance and was sentenced to four years' imprisonment. (Doc. 3 at 1.) In 1995, in this Court (Lubbock Division), Petitioner was convicted of conspiracy, possession with intent to distribute methamphetamine and amphetamine, and possession of a firearm by a felon/fugitive from justice, and was sentenced to mandatory life sentences and concurrent terms of 235 and 120

---

[1] Petitioner named Tamyra Jarvis, Warden at USP Coleman, where he is presently confined, as Respondent in his habeas petition. (Doc. 3 at 1). In accordance with standard procedure, the docket sheet reflects Rick Thaler, the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as Respondent. Because Petitioner is not currently incarcerated within TDCJ-CID, the Court substitutes Warden Jarvis for Director Thaler.

months' imprisonment. *United States v. Clark*, No. 5:95-CR-019-C (N.D. Tex., Lubbock Div. 1995), *aff'd*, 139 F.3d 899, 1998 WL 127844 (5th Cir. 1998) (unpublished *per curiam*).[2]

Petitioner unsuccessfully sought relief through a motion to vacate sentence under 28 U.S.C. § 2255. *Clark v. United States*, 5:99-CV-0071 (N.D. Tex., Lubbock Div., 2000), *certificate of appealability denied*, No. 00-11076 (5th Cir. 2001). He also filed a petition for writ of error *coram nobis*, which the sentencing court denied because he was serving his federal sentence, and had not sought leave to file a successive section 2255 motion. *Clark v. United States*, 5:03-CV-247-C (N.D. Tex., Lubbock Div., 2003). In 2005, the sentencing court dismissed Petitioner's FED. R. CIV. P. 60(b) motion, challenging his sentence, as an unauthorized successive section 2255 motion. *United States v. Clark*, No. 5:95-CR-019-C (Doc. 163) (N.D. Tex., Lubbock Div., Aug. 15, 2005), *certificate of appealability denied*, No. 05-11153 (5th Cir. 2007). Subsequently, in 2006, Petitioner sought leave to file a successive 2255 motion, raising a claim under *United States v. Booker*, 543 U.S. 220 (2005), but the United States Court of Appeals for the Fifth Circuit denied his request. *See In re Clark*, No. 06-10092 (5th Cir. Feb. 23, 2006).

In this section 2254 petition, Petitioner seeks to challenge his 1984 state narcotics conviction. (Doc. 3 at 1.) His petition is silent as to the nexus, if any, between his current federal sentence and the 1984 state conviction, and merely argues that, in 1983, the Court of Criminal Appeals held unconstitutional the statute under which he was later convicted. *Id.* at 6.

---

[2] While Petitioner was also convicted of using and carrying a firearm during and in relation to a drug trafficking offense, the United States Court of Appeals for the Fifth Circuit reversed the conviction on that count because of a pre-*Bailey* jury instruction, and the government later elected to dismiss. *Clark*, 1998 WL 127844, at 1.

## II. DISCUSSION

A federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a state court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also Maleng v. Cook,* 490 U.S. 488, 490 (1989). A petitioner satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time he files a section 2254 petition. *See Carafas v. Lavallee,* 391 U.S. 234, 238 (1968). A habeas petitioner, however, does not "remain[] 'in custody' under conviction after sentence imposed for it has fully expired" merely because the conviction was used to enhance his current or future sentence. *Maleng*, 490 U.S. at 492 (holding that section 2254 habeas petitioner whose sentence had expired was no longer "in custody" on that conviction, even if it was used to enhance his current sentence). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this case, Petitioner is not currently in custody pursuant to a judgment of a state court, but is instead in federal custody serving two life terms in case number 5:95-CR-019-C. It is obvious from the record that Petitioner has completed the four-year state sentence imposed in 1984, which he seeks to attack here as unconstitutional. Moreover, even if his 1984 state conviction was used to enhance his current federal sentence, he cannot satisfy the custodial prerequisite necessary to confer jurisdiction under section 2254. Therefore, this habeas petition should be dismissed for want of jurisdiction. *See Dunn v. Dretke*, No. 3:05-CV-1721-L, 2005 WL 2124127 (N.D. Tex., Dallas Div., Aug. 30, 2005) (dismissing section 2254 petition because

petitioner was no longer in custody under state conviction, which was used to enhance the federal sentence that he was serving), *findings and recommendation accepted*, 2005 WL 2373709 (N.D. Tex. Sep. 27, 2005).

In *Maleng*, 490 U.S. at 493-94, and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001), the Supreme Court acknowledged that because a section 2254 petition could be construed as asserting a challenge on a current sentence enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence. *See also Pleasant*, 134 F.3d at 1258-59.

The Court, however, declines to recharacterize Petitioner's section 2254 petition as one brought under 28 U.S.C. § 2255, challenging his current federal sentence.  First, Petitioner does not allege that his 1984 state sentence was used to enhance his current federal sentence.  Second, even assuming enhancement of his federal sentence, Petitioner previously filed a section 2255 motion challenging his federal sentence, and he has yet to seek leave to file a successive application in the appellate court raising the claims at issue in this section 2254 petition.  Therefore, even if his section 2254 petition were recharacterized as a section 2255 motion to vacate the federal sentence, this Court would lack jurisdiction to consider the same.  *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h) (before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite *prima facie* showing); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has granted the petitioner permission to file such a petition).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED** for want of jurisdiction.

SIGNED January 20, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE